IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEW YORK; DAVID A. PATERSON, Governor of the State of New York; and the NEW YORK STATE BOARD OF ELECTIONS,<br>　　　　　　Defendants. | Civil Action No. 1:09-cv-335<br>(GLS/RFT) |

## COMPLAINT

The United States of America alleges:

1.  This action is brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff *et seq.*, which provides, *inter alia*, that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1. By this action, the United States seeks to ensure that UOCAVA voters, who are otherwise qualified to vote in New York's March 31, 2009 special election for the 20th Congressional District, will have an opportunity to vote in that election and have their ballots counted. The United States also seeks permanent relief to ensure compliance with UOCAVA in future special federal elections conducted by Defendants.

2.  This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3.      Defendant State of New York is charged with assuring that State election laws, as applied, comply with UOCAVA.  42 U.S.C. 42 U.S.C. §§ 1973ff to 1973ff-6.

4.      Defendant David A. Paterson is the Governor of the State of New York and its chief executive officer.  N.Y. Const. art. IV, § 1.  New York law vests Governor Paterson with the authority, under appropriate circumstances, to proclaim special elections to fill vacancies for seats in the United States House of Representatives.  N.Y. Pub. Officers Law §§ 42(3) and (4).  Defendant Paterson is sued in his official capacity.  Governor Paterson's principal place of business is State Capitol, Albany, New York.

5.      Defendant New York State Board of Elections has jurisdiction of, and is responsible for, the execution and enforcement of statutes governing elections and related procedures in New York State, and as such is responsible for the administration of state laws affecting voting, and for assuring that elections in the State are conducted in accordance with law.  *See* N.Y. Elec. Law §§ 3-104(1), 3-100(1), 3-102(1-17).  Because of its broad powers to assure that State election procedures comply with prevailing law, the State Board of Elections is named as a Defendant herein solely to ensure that any relief deemed appropriate by this Court is effectuated as uniformly and efficiently as possible.  *See* Ashe v. Board of Elections of the City of New York, 1988 WL 95427, at *3 (E.D.N.Y. Sept. 8, 1988) (finding State Board of Elections "has direct responsibility for the electoral system and would be a vital part of any remedial relief [.]").  The principal office of the New York State Board of Elections is in Albany, New York.

6.      On February 23, 2009, Governor Paterson issued a Proclamation declaring a special election to be held on March 31, 2009 to fill a vacancy for the 20th Congressional District.

7. Under New York law, once the governor proclaims a special election to fill a Congressional vacancy, the election must be held not less than 30 nor more than 40 days from the date of the proclamation.  N.Y. Pub. Officers Law §§ 42(3) and (4).

8. The 20th Congressional District is comprised of all or parts of ten counties in upstate New York:  Columbia, Greene, Warren, Washington, Saratoga, Delaware, Otsego, Rensselaer, Dutchess and Essex.

9. Election officials in New York have received timely requests for absentee ballots from citizens entitled to vote pursuant to UOCAVA in the March 31, 2009 special election.

10. To allow qualified UOCAVA voters an opportunity to vote, New York election officials must mail ballots sufficiently in advance of the special election so that voters can receive, mark, and return their ballots by the post-marking and receipt deadlines established by State law.  Based on information from the United States Military Postal Service Agency, the United States Postal Service, and the Department of State establishing reasonable benchmarks for round-trip mail delivery to overseas locales, as well as other studies and experience in administering UOCAVA, the Federal Voting Assistance Program ("FVAP") of the Department of Defense has determined that states must provide no less than 30 days for the round-trip mail transit of a ballot to overseas locations to ensure that overseas voters have a reasonable opportunity to return the ballot in time to be counted.  The FVAP recommends that states allow 45 days for the round-trip transit of overseas ballots.

11. A minimum of 30 days is necessary for the round-trip transit of absentee ballots to

and from UOCAVA voters residing overseas. Providing less than 30 days for the round-trip transit of absentee ballots will not ensure that overseas voters from New York have a reasonable opportunity to vote.

12. Under New York law, absentee ballots for a special election must be mailed or otherwise distributed to qualified military and overseas voters no later than twelve days before the election. N.Y. Elec. Law § 10-108; id. at § 11-204(4). Such ballots must be postmarked no later than the date before the special election and received no later than seven days following that election, and otherwise satisfy New York law requirements. N.Y. Elec. Law § 10-114(1); id. at § 11-212.

13. The State Board of Elections certified the election ballot for the March 31, 2009 special election on Wednesday March 11, 2009, 20 days before the special election date.

14. Election officials in Otsego County mailed absentee ballots to overseas and military voters by regular, first-class mail on Thursday March 12, 2009. Accordingly, UOCAVA voters from that county will have just 26 days to receive, mark, and return their absentee ballots in time for them to be counted.

15. Election officials in eight of the remaining nine counties within the 20th Congressional District mailed absentee ballots by regular, first-class mail or, in some cases, via what the State Board of Elections terms "airmail" on Friday March 13, 2009. Election officials in Essex County mailed 45 absentee ballots by an express mail service on Friday March 13, 2009. Accordingly, UOCAVA voters in overseas locations from those counties will have just 25 days to receive, mark, and return those absentee ballots in time for them to be counted.

16. The failure of election officials in the State of New York to mail absentee ballots to the vast majority of eligible UOCAVA voters on a date sufficiently in advance of the March 31, 2009 special congressional election to allow voters to receive the ballot, mark, and return the ballots by the deadlines established by State law, will deprive United States citizens of an opportunity to vote, in violation of UOCAVA.

17. An order of this Court is necessary requiring Defendants to take corrective action to protect the rights granted by UOCAVA in the March 31, 2009 special election and in future special elections.

WHEREFORE, plaintiff prays that this Court hear this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. § 1345; issue a declaratory judgment under 28 U.S.C. § 2201 that the failure of New York officials to send ballots to overseas voters in sufficient time to be received, marked, and returned by the State's deadline in the March 31, 2009 special election and in future special federal elections, violates the Uniformed and Overseas Citizens Absentee Voting Act; and issue injunctive relief ordering the defendants, their agents and successors in office, and all persons acting in concert with them:

> (1) to count as validly cast ballots in the March 31, 2009 special election all ballots, including Federal Write-in Absentee Ballots, cast by persons outside the United States who are qualified to vote in New York pursuant to UOCAVA, provided such ballots are executed by March 31, 2009 and received by close of business on April 13, 2009, and otherwise satisfy the requirements of New York law;

(2)  to take such steps as are necessary to afford UOCAVA voters eligible to participate in the March 31, 2009 special election a reasonable opportunity to learn of this Court's order;

(3)  to provide a report to the United States concerning the number of UOCAVA ballots, including Federal Write-in Absentee Ballots, received and counted, by county, for the March 31, 2009 special election pursuant to this Court's order within forty-five days following the special election;

(4)  to take such steps as are necessary to afford overseas voters eligible to vote in New York under UOCAVA a fair and reasonable opportunity to participate in all future special elections for federal office.

The United States of America further prays that this Court order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

| | |
|---|---|
| ANDREW T. BAXTER<br>Acting United States Attorney | ERIC H. HOLDER, JR.<br>Attorney General |
| /s/ Andrew T. Baxter<br>United States Attorney's Office<br>100 South Clinton Street<br>Syracuse, N.Y.   13261-7198<br>Tel: (315)  448-0672<br>Fax: (315) 448-0646 | /s/ Loretta A. King<br>LORETTA KING<br>Acting Assistant Attorney General<br>Civil Rights Division |
| | /s/ Christopher Coates<br>CHRISTOPHER COATES<br>Chief, Voting Section |
| | /s/ Richard Dellheim<br>REBECCA J. WERTZ<br>Deputy Chief<br>RICHARD DELLHEIM - 512893<br>SABATINO F. LEO<br>Trial Attorneys<br>Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Room 7254-NWB<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 305-1734 (telephone) |