IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                     )<br>                                               )<br>                         Plaintiff,            )<br>                                               )   Civil Action No. 1:09-cv-335-GLS-RFT<br>                    v.                         )<br>                                               )<br>STATE OF NEW YORK; DAVID A. PATERSON, )<br>Governor of the State of New York; and the NEW   )<br>YORK STATE BOARD OF ELECTIONS,       )<br>                         Defendants.           )<br>_____)  | |

### CONSENT DECREE

Plaintiff United States of America ("United States") initiated this action to enforce the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff *et seq.*, on March 24, 2009 against Defendants State of New York,  David A. Paterson, Governor of the State of New York, and the New York State Board of Elections ("SBOE") (collectively referred to hereinafter as "Defendants").  The United States seeks to ensure that overseas voters qualified under UOCAVA to vote in the March 31, 2009 special election for the 20th Congressional District will have a reasonable opportunity to receive, mark, and return their absentee ballots in time for their votes to be counted.  The United States also seeks permanent relief to ensure compliance with UOCAVA in future special federal elections conducted by Defendants.

The failure to mail overseas ballots in sufficient time was due in large part to factors dictated by New York law.  State law requires that, in situations where the Governor opts to fill a Congressional vacancy by special election, that election occur between 30 and 40 days from the

date the Governor proclaims that special election.  N.Y. Pub. Officers Law §§ 42(3) and (4).

Here, the proclamation date selected by the Governor fell 36 days before the election date, and

county election officials mailed overseas ballots just 25 or 26 days before the deadline for their

return.  This time frame did not afford election officials sufficient time to certify the election

ballot and mail absentee ballots to overseas voters in time to ensure that overseas voters have a

reasonable opportunity to have their votes counted in the March 31, 2009 special election.

The United States and Defendants, through their respective counsel, have conferred and

agree that this action should be settled without the delay and expense of litigation.  The parties

share the goal of providing overseas military and citizen voters with sufficient opportunity to

participate in the upcoming special election.  The parties have negotiated in good faith and

hereby agree to the entry of this Consent Decree as an appropriate resolution of the claim arising

from the March 31, 2009 special election alleged in the United States' complaint.  Accordingly,

the United States and Defendants hereby stipulate and agree that:

1.      This action is brought by the Attorney General on behalf of the United States

pursuant to UOCAVA, 42 U.S.C. §§ 1973ff *et seq.*, which provides, *inter alia*, that absent

uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use

absentee registration procedures and to vote by absentee ballot in general, special, primary, and

runoff elections for Federal office."  42 U.S.C. §  1973ff-1.

2.      This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§

1345 and 2201.

3.      Defendant State of New York is charged with assuring that State election laws, as

applied, comply with UOCAVA.  42 U.S.C. §§ 1973ff to 1973ff-6.

4.      Defendant David A. Paterson is the Governor of the State of New York and its chief executive officer.  N.Y. Const. art. IV, § 1.  New York law vests Governor Paterson with the authority, under appropriate circumstances, to proclaim special elections to fill vacancies for seats in the United States House of Representatives.  N.Y. Pub. Officers Law §§ 42(3) and (4).  Governor Paterson is sued in his official capacity.

5.      Defendant New York State Board of Elections has jurisdiction of, and is responsible for, the execution and enforcement of statutes governing elections and related procedures in New York State, and as such is responsible for the administration of state laws affecting voting, and for assuring that elections in the State are conducted in accordance with law.  *See* N.Y. Elec. Law §§ 3-104(1), 3-100(1), 3-102(1-17).  Because of its broad powers to assure that State election procedures comply with prevailing law, the State Board of Elections has been named as a Defendant solely to ensure that any relief deemed appropriate by this Court is effectuated as uniformly and efficiently as possible.  See Ashe v. Board of Elections of the City of New York, 1988 WL 95427, at *3 (E.D.N.Y. Sept. 8, 1988) (finding State Board of Elections "has direct responsibility for the electoral system and would be a vital part of any remedial relief").

6.      On February 23, 2009, Governor Paterson issued a Proclamation declaring a special election to be held on March 31, 2009 to fill a vacancy for the 20th Congressional District.

7.      Under New York law, once the governor proclaims a special election to fill a Congressional vacancy, the election must be held not less than 30 nor more than 40 days from the date of the proclamation.  N.Y. Pub. Officers Law §§ 42(3) and (4).

8.      The 20th Congressional District is comprised of all or parts of ten counties in upstate New York:  Columbia, Greene, Warren, Washington, Saratoga, Delaware, Otsego, Rensselaer, Dutchess and Essex.

9.      Election officials in New York have received timely requests for absentee ballots from citizens entitled to vote pursuant to UOCAVA in the March 31, 2009 special election.

10.     To allow qualified UOCAVA voters an opportunity to vote, New York election officials must mail ballots sufficiently in advance of the special election so that voters can receive, mark, and return their ballots by the post-marking and receipt deadlines established by State law.  Based on information from the United States Military Postal Service Agency, the United States Postal Service, and the Department of State establishing reasonable benchmarks for round-trip mail delivery to overseas locales, as well as other studies and experience in administering UOCAVA, the Federal Voting Assistance Program ("FVAP") of the Department of Defense has determined that states must provide no less than 30 days for the round-trip mail transit of a ballot to overseas locations to ensure that overseas voters have a reasonable opportunity to return the ballot in time to be counted.  The FVAP recommends that states allow 45 days for the round-trip transit of overseas ballots.

11.     Providing a minimum of 30 days for the round-trip transit of absentee ballots to and from UOCAVA voters will ensure that overseas voters from New York have a reasonable opportunity to vote.  See United States v. Pennsylvania, No. 1:04-CV-04-0830 (M.D. Pa. April 16, 2004).

12.     Under New York law, absentee ballots for a special election must be mailed or otherwise distributed to qualified military and overseas voters no later than twelve days before

the election.  N.Y. Elec. Law § 10-108; id. at § 11-204(4).  Such ballots must be postmarked no later than the date before the special election and received no later than seven days following that election, and otherwise satisfy New York law requirements.  N.Y. Elec. Law § 10-114(1); id. at § 11-212.

13.     The State Board of Elections certified the election ballot for the March 31, 2009 special election on Wednesday March 11, 2009, 20 days before the special election date.

14.     Election officials in Otsego County mailed absentee ballots to overseas and military voters by regular, first-class mail on Thursday March 12, 2009.  Accordingly, UOCAVA voters from that county will have just 26 days to receive, mark, and return their absentee ballots in time for them to be counted.

15.     Election officials in eight of the remaining nine counties within the 20th Congressional District mailed absentee ballots by regular, first-class mail or, in some cases, via what the State Board of Elections terms "airmail" on Friday March 13, 2009.  Election officials in Essex County mailed 45 absentee ballots by an express mail service on Friday March 13, 2009.  Accordingly, UOCAVA voters in overseas locations from those counties will have just 25 days to receive, mark, and return those absentee ballots in time for them to be counted.

16.     The fact that election officials in the State of New York mailed absentee ballots to eligible UOCAVA voters less than 30 days in advance of the March 31, 2009 special congressional election threatens to deprive United States citizens of an opportunity to vote in violation of UOCAVA.

17.     To ensure that all citizens abroad protected by UOCAVA and qualified to vote in elections for New York's 20th Congressional District have a reasonable opportunity to have

ballots counted in the March 31, 2009 special election, it is necessary for this Court to enter an order 1) extending by six days, from April 7, 2009 to April 13, 2009, the deadline under New York law for receiving ballots from UOCAVA voters outside the United States, see N.Y. Elec. Law §10-114(1), and 2) extending by six days, from April 8, 2009 to April 14, 2009, the date each affected County Board of Canvassers is to begin its canvass pursuant to N.Y. Election Law § 9-209.

WHEREFORE, the parties having freely given their consent, and the terms of the decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      For the March 31, 2009 special election, Defendants shall ensure that appropriate election officials count as validly cast ballots all ballots, including Federal Write-In Absentee Ballots, cast by persons outside the United States who are qualified to vote in New York pursuant to UOCAVA, provided such ballots are received by April 13, 2009, and otherwise satisfy the requirements of New York law

2.      For the March 31, 2009 special election, the date each affected County Board of Canvassers is to begin its canvass shall be extended from April 8, 2009 to April 14, 2009.

3.      For the March 31, 2009 special election, the SBOE shall provide overseas voters eligible to participate in the March 31, 2009 special election a reasonable opportunity to learn of this Court's Order by issuing a press statement for immediate release, posted immediately on the SBOE website, and distributed to FVAP, International Herald Tribune (http://www.iht.com), USA Today International (http://www.usatoday.com), Military Times Media Group (cvinch@navytimes.com; cvinch@armytimes.com; cvinch@airforcetimes.com;

cvinch@marinecorpstimes.com); Overseas Vote Foundation

(http://www.overseasvotefoundation.org/intro/), Stars and Stripes (http://www.estripes.com), the

Associated Press, The New York Times, The New York Post and any other appropriate

newspaper or news media in the State.  The news release shall, at the least,  a) summarize this

order; b) identify the candidates on the ballot for the March 31 special election;  c) notify

UOCAVA voters they may cast a Federal Write-In Absentee Ballot in the special election and

where it can be downloaded or obtained; and d) provide appropriate contact information for the

SBOE and county boards of election within the 20th Congressional District.

4.      The SBOE shall provide a report to the United States concerning the number of

overseas UOCAVA ballots, including Federal Write-In Absentee ballots, received and counted

for the special election within 45 days of the close of polls on March 31, 2009.  In particular, this

report will set forth the following information:

(a)  the number of valid ballots from UOCAVA voters, by county, received and

counted before the close of the polls on March 31, 2009;

(b)  the number of ballots from UOCAVA voters, by county, received and

counted after the close of the polls on March 31, 2009, but prior to April 13,

2009;

(c)  the number of ballots from UOCAVA voters, by county, received later than

April 13, 2009; and

(d)  the number of ballots from UOCAVA voters, by county, that were not

counted in the special election and the reasons for the county's rejection of such

ballots.

5.     The Defendants are committed to exploring the need for future relief, including possible changes of law or administrative regulations, to ensure that UOCAVA voters will have a fair and reasonable opportunity to participate in future special elections.   Accordingly, the Defendants, after consulting with the Department of Justice, will provide a status report to the Department of Justice regarding its efforts no later than May 15, 2009.

6.     This Consent Decree is final and binding as to all issues resolved herein.

7.     The Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree, including, if appropriate, any proceeding necessary to ensure the timely implementation of permanent relief.

The undersigned agree to entry of this Consent Decree:

For the Plaintiff:                                  For the Defendants:

LORETTA KING                               On behalf of the State of New York and
Acting Assistant Attorney General          The Honorable David A. Paterson

 /s/ Richard Dellheim                             /s/ Jeffrey M. Dvorin
CHRISTOPHER COATES                     JEFFREY M. DVORIN - 101559
REBECCA J. WERTZ                           Assistant Attorney General
RICHARD DELLHEIM -512893             Litigation Bureau
SABATINO F. LEO                              The Attorney General's Office
Voting Section                                    The Capitol
Civil Rights Division                           Albany, New York 12224-0341
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530                       On behalf of the New York State Board of
                                                       Elections:

                                                        /s/ Paul M. Collins
ANDREW T. BAXTER                         /s/ Kimberly Galvin
Acting United States Attorney              PAUL M. COLLINS -101384
                                                       KIMBERLY GALVIN - 505011
 /s/ Diane Cagino                               New York State Board of Elections
DIANE CAGINO                                Office of Special Counsel
Assistant United States Attorney           40 Steuben Street
100 So. Clinton Street                          Albany, NY 12207-1650
Syracuse, N.Y.   13261-7198

SO ORDERED this 26th day of March, 2009

Gary L. Sharpe
U.S. District Judge